IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRYSTALEE PROTHEROE,**

    **Plaintiff,**

    **v.**                                                **Case No. 16-2387**

**JUDGE SALLY POKORNY ET AL.,**

    **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Crystalee Protheroe filed this action against several named defendants who were either (1) Kansas state government employees involved in state court proceedings concerning plaintiff and custody of her children, (2) her former spouses, or (3) private attorneys involved in the state court proceedings. Plaintiff lists various federal statutes and claims, including: "4th, 5th, 6th, 9th, and 14th [Amendment rights]; under 42 U.S.C. 1981; 1983; 1984; 1985; 1986; 18 USC 241 & 242; the United States [C]onstitution and state and federal laws, and human rights under Articles I, II, V, VI, VII, IX, XVIII, and XXIV of the American Declaration" (Doc. 1 at 8–9), arguing that her rights were violated. Currently before the court is plaintiff's Motion to Alter or Amend Complaint & Response re Order to Show Cause (Doc. 47) and moving defendants' various motions to dismiss. The court interprets the motion as an improperly filed motion for leave to amend the complaint; a response to the court's Order to Show Cause (Doc. 39); and as plaintiff's response to various motions to dismiss that have been filed in this case.

Fed. R. Civ. P. 15(a) governs amendments to the pleadings before trial. Plaintiff did not comply with the requirements of Rule 15 because her amended complaint was not filed within 21 days of the original complaint or within 21 days of an answer, she did not have the other parties' written

-1-

consent, and she did not have leave of court.  However, even considering plaintiff's motion, the court

finds this case must be dismissed for the reasons explained below.

## I.   Background

Plaintiff filed this case on June 6, 2016.  (Doc. 1.)  On June 9, 2016, she was granted leave to

proceed in forma pauperis.  (Doc. 5.)  To date, defendants Shaye Downing (Doc. 20), Shane Cronley

(Doc. 28), Joseph Masarik (Doc. 31), and Tracey Mackeprang (Doc. 32) have answered.  A number of

motions to dismiss have been filed in this case.

- On June 27, 2016, defendant Trina Nudson filed a Motion to Dismiss For Failure to State a

  Claim and for Lack of Jurisdiction (Doc 13).

- On July 11, 2016, defendant Douglas County Child Protective Services filed its Motion to

  Dismiss (Doc 29).

- On July 20, 2016, defendant Johnson County Sheriff's Department ("JCSD") filed its Motion

  to Dismiss for Failure to State a Claim (Doc. 33).

- On July 25, 2016, defendant Judge Sally Pokorny filed a Motion to Dismiss for Failure to State

  a Claim (Doc. 35).

- On November 1, 2016, defendant Lawrence Police Department filed its Motion to Dismiss for

  Failure to State a Claim (Doc. 56).

On August 18, 2016, the court ordered plaintiff to show cause in writing why moving

defendants' motions to dismiss should not be granted as unopposed pursuant to Local Rule 7.4(b).  The

order required plaintiff to respond to the order to show cause and file any answer to defendants'

motions to dismiss that she wished the court to consider.  On September 21, 2016, plaintiff filed her

response to the order to show cause (Doc. 47) entitled, "Motion to Alter or Amend, In Opposition of

Motions to Dismiss, Clarification of Complaint of Offenses, & Response to Motion to Show Cause."

## II.    Facts

Plaintiff's complaint and motion allege that defendants, in their official capacities, violated her and her children's civil rights in various ways.  The court has read all of plaintiff's filings and has attempted to piece together the nature of her allegations to the best of its ability.

Plaintiff filed a restraining order to try to protect herself and her children from her ex-husband, who she says threatened to kill her or himself in February of 2013.  At the hearing for the restraining order, plaintiff says she filed for divorce.  Plaintiff says that she secured counsel from Kansas Legal Services, but that counsel did not appear at the hearing and she was not given additional time to secure counsel.  She was also required to mediate with her allegedly abusive ex-husband.

Plaintiff refers to a child custody proceeding regarding her minor children.  At some point, plaintiff came to believe that her ex-husband was sexually abusing her children and she reported that behavior to the authorities.  The presiding district judge ordered a home study and apparently the outcome of that study was to remove the children from plaintiff's custody.  Plaintiff lists her dissatisfaction with many aspects of the state proceedings.  She states that she was denied a copy of the home study; she believes the investigations were incomplete; her children were sent to live with their father during the course of the investigation, putting their well-being in jeopardy; and the children were removed from the state of Kansas, away from their mother and "all they knew."  Plaintiff filed two additional restraining orders because she believed her ex-husband was abusive to the children during court-ordered supervised visitations.

At some point, plaintiff secured new counsel.  She was not satisfied with new counsel because she was not given a copy of the home study or an agreed witness list for an upcoming hearing.  Plaintiff fired her new counsel and filed a motion to obtain a copy of the home study.  The state court denied her motion.  Plaintiff claims that this made it impossible for her to appeal, move for

reconsideration, or in any way defend herself, presumably regarding the court's decision to award sole custody of the children to their father.  Plaintiff seems to concede that home studies are accessible to parties if they are viewed at the courthouse.

Plaintiff claims that defendant Johnson County Sheriff's Department failed to take action when the district court decided to allow plaintiff's ex-husband visitation during the pendency of the investigation.  She claims that defendant City of Lawrence, Kansas, Police Department failed to follow up on her various reports of abuse by turning them over to the Douglas County District Attorney.

Plaintiff claims that defendant Douglas County Child Protective Services, or perhaps properly the Kansas Department for Children and Families, failed to take any action in the state court case and that when plaintiff attempted to address her dissatisfaction with the Department's lack of action, her complaints were not heard.

Plaintiff claims that defendant Trina Nudson, the case manager involved with the state court proceedings, failed to investigate plaintiff's abuse allegations and that she did not treat plaintiff and her husband equally when making decisions about their case.  Plaintiff claims that defendant Nudson disclosed information plaintiff told defendant in confidence to plaintiff's ex-husband.  Plaintiff claims that defendant Nudson discriminated against her based on her economic status in defendant Nudson's administration of costs in the case.  Plaintiff claims that defendant Shaye Downing failed to timely file paperwork in the district court and that her actions adversely affected plaintiff.

Plaintiff also lists some over-arching complaints regarding her state court experience.  She feels she was discriminated against as a victim of domestic violence and that the presiding judge engages in a pattern or practice of denying due process to women in the way she conducts proceedings. Plaintiff states that she's filed complaints with "every entity in the state of Kansas she was capable of" to address her concerns.  (Doc. 47 at 26.)

Plaintiff requests that this court declare that the various defendants "engaged in a pattern or practice of conduct that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. . . ." (*Id.* at 30.)  She requests that this court prohibit defendants from acting in such a manner, as outlined in her complaint and motion, and that this court order defendants to "adopt and implement policies, procedures, and mechanisms that identify, correct, and prevent the unlawful conduct described [in her filings]. . . ." and to order the presiding state court judge to "undergo a 'sensitivity' and ethics training course which underscores her responsibility to protect those she rules over from abuse and further harm." (*Id.*)  Plaintiff requests that this court order various state entities to investigate defendants for the reasons plaintiff outlined in her filings and to "not make excuses for misconduct and failure [sic] to investigate individuals they have control over." Plaintiff requests that this court keep the State of Kansas and Douglas County "from furthering the inability of pro-se litigants from properly supporting themselves and defending themselves in a court of law." (*Id.* at 31.)  Finally, plaintiff seeks $1,000,000 for her pain and suffering, the undue burden the state proceedings allegedly caused her, and because she had to file bankruptcy and she was unable to graduate nursing school or continue her career in the United States Air Force.  (Doc. 1 at 4.)

Moving defendants seek to dismiss this case on various grounds, including that the court lacks subject matter jurisdiction and that the court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971); or the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); plaintiff has failed to state a claim upon which relief can be granted; that certain defendants are protected by qualified or absolute immunity; and insufficient service of process.

**III.    Discussion**

When a plaintiff proceeds pro se, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Where a plaintiff proceeds pro se, the court construes her filings liberally and holds them to less stringent standards than pleadings filed by lawyers.  *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011).  Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff.  *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).  For the reasons explained below, the court finds that plaintiff fails to state a claim, and to the extent that plaintiff seeks monetary damages from immune defendants, this case must be dismissed.

### A.      Legal standard for failure to state a claim

The court must dismiss any action where the plaintiff fails to allege facts that "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The court accepts the complaint's factual allegations as true and draws all reasonable inferences in plaintiff's favor.  *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  Plaintiff's "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic*, 550 U.S. at 545.

First, "[i]t is well-established that federal courts lack jurisdiction over the whole subject of domestic relations of husband and wife, and parent and child."  *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))).  This is not a removal action from state court, but plaintiff's claims and especially the facts she describes, read like a list of complaints about the outcome of the state court divorce and child custody proceedings.  To the extent plaintiff is trying to raise substantive issues regarding the divorce and child custody proceedings, this court does not have jurisdiction.

Plaintiff does cite several federal laws, including the "4th, 5th, 6th, 9th, and 14th [Amendments and] 42 U.S.C. 1981; 1983; 1984; 1985; 1986; 18 USC 241 & 242; the United States [C]onstitution and state and federal laws, and . . . Articles I, II, V, VI, VII, IX, XVIII, and XXIV of the American Declaration" (Doc. 1 at 8–9).  But plaintiff does not state a claim for relief under any of these laws. She generally does not explain which defendant allegedly violated which right, or explain the who, what, where, when, or how such violations occurred.  The court will discuss the few examples where plaintiff alleges that an individual defendant violated a specific statute in more detail below.  But as a preliminary matter, even if plaintiff had alleged facts sufficient to state a claim against any of the defendants, the nature of plaintiff's claims and the defendants she names raise jurisdictional and immunity issues that independently bar her claims.

### B.       Immunity and plaintiff's claims against each defendant

Generally, Eleventh Amendment immunity protects States and state officials acting in their official capacity from suits in federal court.  *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 779 (1991).  The majority of plaintiff's claims seem to be based on facts regarding the alleged actions of the presiding district court judge, defendant Judge Sally Pokorny.  Defendant Judge Sally Pokorny has absolute judicial immunity.  Judicial immunity applies even where a judge acts in error, maliciously, or exceeds judicial authority.   Only where a judge acts in the "clear absence of all jurisdiction will immunity be overcome."  *Moss v. Kopp*, 559 F.3d 1155, 1164 (10th Cir. 2009).  Judge Pokorny had jurisdiction over plaintiff's domestic relations matters because the state district court is a court of general jurisdiction.  Plaintiff makes no argument to the contrary.  Therefore the claims against Judge Sally Pokorny are dismissed.

Defendants Kansas Department for Children and Families, City of Lawrence, Kansas, Police Department, and the Johnson County Sheriff's Department are not legal entities capable of being sued.

*Morgan v. Kansas City*, No. 14-2276-JAR, 2014 WL 4980402, at \*2 (D. Kan. Oct. 6, 2014).  Each of these defendants raised immunity in their motions to dismiss.  Plaintiff did not address these arguments as required by the court's order to show cause.  Therefore all claims against Defendants Kansas Department for Children and Families, City of Lawrence, Kansas, Police Department, and the Johnson County Sheriff's Department are dismissed.  Additionally, plaintiff fails to state a claim against each of these defendants.  She does not explain why any action or lack of action taken by these three defendants led to the alleged injuries plaintiff suffered.  As described above, even if these defendants were not immune from suit, all claims against them would be dismissed for failure to state a claim.

Regarding the remaining defendants, plaintiff does not explain which defendants allegedly violated which rights or federal statutes.  Defendant Trina Nudson was not even mentioned in the complaint.  Defendant Nudson also claims qualified immunity in her motion to dismiss.  (Doc. 14 at 8).  When determining whether qualified immunity applies to shield a government official in a particular case, the court first asks whether plaintiff's claims, if true, would establish a constitutional violation.  *Gomes v. Wood*, 451 F. 3d 1122, 1134 (10th Cir. 2006).  Plaintiff claims that defendant Nudson violated ethical standards as a social worker by telling plaintiff's ex-husband information plaintiff told defendant Nudson in confidence.  Plaintiff also alleges that defendant Nudson charged her for things without explanation, and that plaintiff did not approve of the way defendant Nudson managed the case.  Specifically, plaintiff claims defendant Nudson did not contact the presiding district judge about allegations that the minor children were being abused.  None of these allegations, if true, state a claim for a constitutional violation.  Plaintiff did not address defendant Nudson's immunity claim despite the court's order to show cause.  Therefore all claims against defendant Nudson are dismissed based on qualified immunity and for failure to state a claim upon which relief may be granted.

-8-

Defendant Tracey Mackeprang was likewise appointed by the presiding district court judge to conduct a home study regarding plaintiff's child custody matter.  Although defendant Mackeprang has not filed a motion to dismiss, the court sua sponte finds that plaintiff has not stated a claim for which relief may be granted against defendant Mackeprang.  Plaintiff claims that defendant Mackeprang violated the public's trust and confidence as a mediator based on the results of the home study. Plaintiff generally states that she is dissatisfied with the home study defendant Mackprang conducted and the manner in which she conducted the study.  Plaintiff claims that defendant Mackeprang should have provided her a copy of the home study because plaintiff paid for it.  Plaintiff does not state a claim upon which relief may be granted.  Therefore the court dismisses all claims against defendant Mackeprang under 1915(e)(2)(B) for failure to state a claim.

Plaintiff accuses her ex-husbands, defendants Masarik and Cronley, of conspiring to give the home study investigator false information in violation of 18 U.S.C. § 241.  Accusing defendants Masarik and Cronley of a federal crime does not state a claim for which relief may be granted in this court.  The United States Attorney's office or the United States Department of Justice are responsible for criminal prosecutions.

The only factual allegations plaintiff makes against defendant Shaye Downing are that she did not timely file a journal entry that would have stated the amount plaintiff was required to pay in child support, thereby violating the attorney code of conduct and professional standards.  (Doc. 47 at 17, 25, 25–26).  Plaintiff does not explain how these allegations state a claim for relief in federal court.  The State of Kansas has administrative procedures in place to address the type of alleged actions plaintiff describes.  Therefore all claims against defendant Downing are dismissed for failure to state a claim.

Plaintiff generally claims that her Fifth and Sixth Amendment rights were violated because she was not provided a copy of the home study.  But the home study is not a criminal complaint.  The Fifth

Case 2:16-cv-02387-CM-JPO   Document 60   Filed 11/18/16   Page 10 of 12

and Sixth Amendments protect the rights of criminal defendants, and to the court's knowledge, plaintiff was not charged with any crimes.

Generally listing federal statues and claiming "defendants" violated them is not sufficient to meet Fed. R. Civ. P. 8(a)'s requirement that a pleading give a "short and plain statement of the grounds for the court's jurisdiction . . . showing that the pleader is entitled to relief." Additionally it does not meet Fed. R. Civ. P. 12(b)(6)'s requirements discussed above.

### C.     *Younger* and *Rooker/Feldman* abstention

The court also finds that *Younger* abstention applies to this case. *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that federal courts must dismiss suits for declaratory or injunctive relief against pending state and civil proceedings, except in the most exceptional circumstances. *Id.* at 46–49. The Supreme Court explained that even a showing of irreparable injury, the standard for obtaining an injunction, is not sufficient cause for federal interference in a state case in light of "the fundamental policy" against federal interference. *Id.* Instead, the court found that plaintiffs must also show "bad faith, harassment, or [some] other unusual circumstance[] that would call for equitable relief." *Id.* at 54. *Younger* abstention applies when "(1) a state criminal, civil or administrative proceeding is ongoing; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests."

Under the first factor, to the best of the court's knowledge, the state court child custody proceedings will continue until plaintiff's minor children are emancipated. Under the second factor, the Kansas State Courts are the appropriate forum for plaintiff to bring any challenge to the decisions of the Douglas County Court and the forum for her to raise related challenges to any perceived impropriety or unfairness regarding those proceedings. *Rooker*, 263 U.S. at 415 (explaining that the

-10-

state appellate courts are the appropriate venue to review state district court proceedings).  Plaintiff

does not mention that she appealed to the state appellate court.  Under the *Rooker/Feldman* abstention

doctrine, "a party losing in state court is barred from seeking what in substance would be appellate

review of the state judgment in a United States district court, based on the losing party's claim that the

state judgment itself violates the loser's federal rights."  *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir.

2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).  The Kansas Court of Appeals

is the proper and, therefore, sufficient venue for plaintiff to raise constitutional challenges relating to

child custody proceedings in state court.  *Norris v. Johnson Cnty. Prob. & Juvenile Court*, No. 09-

2598-JWL, 2010 WL 1141263, at *3 (D. Kan. Mar. 22, 2010).  Related to this factor is plaintiff's

request that this court order defendants to do certain things.  This court has no authority to "direct state

courts or their judicial officers in the performance of their duties."  *Knox*, at 1292 (quoting *Van Sickle

v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)).

Finally, child custody proceedings clearly involve important state interests.  *Id.*  Plaintiff does

not address *Younger* abstention.  She makes no argument that it should not apply.  The court therefore

finds that *Younger* abstention applies and this case must be dismissed for this additional reason.

**IV.    Conclusion**

Although plaintiff lists various federal statues and constitutional rights, she does not state a

claim under any federal statute against any named defendant for which relief may be granted in this

court.  There is a strong tradition of comity and federalism dictating that federal courts should not

review substantive state law claims.  Domestic relations cases are perhaps the best example of where

such interference would be least appropriate.  *United States v. Bigford*, 365 F.3d 859, 869 (10th Cir.

2004) (quoting *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987)).  Accordingly, moving

defendants' motions to dismiss (Docs. 13, 29, 33, 35, and 56) are granted.  Plaintiff's filing (Doc. 55)

is denied.  Defendant Judge Sally Pokorny's motion for extension of time (Doc. 50) is denied as moot

and this case is dismissed.

This case is closed.

Dated November 18, 2016, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**